IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC PIRTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-178-GPM |
| ) | |
| DR. FAISA AHMED, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for a Summary Judgment (Doc. 16), filed by Defendants Counselor Goforth and Tyrone Murry on January 3, 2007.  For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that this case be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

**Procedural History**

Plaintiff Eric Pirtle, an inmate in the Menard Correctional Center, filed this action on March 10, 2005, alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff Pirtle alleges that Defendant Ahmed and unknown nurses were deliberately indifferent to his serious medical needs, and that Gofurth and Murry retaliated against Plaintiff for filing grievances by denying or ignoring his grievances (Doc. 6 at 1-2).

January 3, 2007, Defendants Murray and Goforth filed the instant Motion for Summary Judgment (Doc. 16), alleging summary judgment is appropriate in their favor because (1) Plaintiff

failed to exhaust his administrative remedies, (2) the undisputed facts demonstrate that Defendants' denials of Plaintiff's grievances were not retaliatory in nature, and (3) Defendants are entitled to qualified immunity. These defendants also filed, on January 3, 2007, a <u>Faulkner</u> Notice (Doc. 18) advising Plaintiff how to respond to a motion for summary judgment, and warning Plaintiff of the consequences of failing to respond to Defendant's Motion for Summary Judgment. That notice correctly informed Plaintiff, "Unless you respond to this motion with sworn statements which contradict important facts claimed by the defendant in their sworn materials, the Court will accept the defendant's uncontested facts as true." (Doc. 18 at 2). Despite this notice and warning, Plaintiff failed to respond to Defendant's Motion for Summary Judgment. The Court, therefore, considers this an admission of the merits of the motion pursuant to SDIL-LR 7.1(c).

**Substantive History**

Plaintiff states that he suffers from sleep apnea and must use a breathing machine when he sleeps (Doc. 1 at 4). When he arrived at Menard Correctional Center, Plaintiff requested a breathing, or CPAP, machine, and explained that he had been issued one at the St. Clair County Jail where he was housed prior to his transfer (Doc. 1 at 4). Defendant Ahmed told Plaintiff that he did not believe that Plaintiff needed a breathing machine (Doc. 1 at 4). Plaintiff states that Defendant Ahmed was hateful, verbally combative, and abusive with Plaintiff about the CPAP machine (Doc. 1 at 5). Plaintiff states that unknown Defendants, nurses in the Menard Health Care Unit, told Plaintiff that they did not believe he needed a breathing machine and that the state would not issue one (Doc. 1 at 5). Plaintiff states that without the CPAP machine his health problems have gotten worse (Doc. 1 at 5). Plaintiff alleges that this treatment constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment (Doc. 1 at 5).

Plaintiff also states that he filed a number of grievances about the breathing machine but that they all were denied or ignored (Doc. 1 at 5). He states that the more he tried to get medical treatment, the "harsher" Defendants became (Doc. 1 at 5). He states that Defendants Goforth and Murry retaliated against him by denying his grievances (Doc. 5).

To initiate this lawsuit, Plaintiff filled out a form complaint that asks certain questions and provides space for a response.  Under section three, entitled "Grievance Procedure", Plaintiff responded "Yes" when asked if he presented the facts relating to his complaint in the prisoner grievance procedure (Doc. 1 at 3).  When asked what steps he took, Plaintiff responded, "Filed several grievances, made verbal complaints[,] had family make weekly phone calls complaining to Director, Warden ect (sic), wrote dozen (sic) of request (sic)." (Doc. 1 at 3).  When asked about the result, he responded, "All grievances were denied, all complaints were ignormed, all phone calls were responded to with lies." (Doc. 1 at 3).  When asked to either attach copies of his request for an administrative remedy and any response received or explain why he cannot do so, Plaintiff gave no response (Doc. 1 at 4).

Defendants allege as undisputed material fact that Plaintiff did not exhaust his administrative remedies regarding his claims in this lawsuit (Doc. 17 at 3).  In support of this claim, Defendant attached a sworn affidavit of Jackie D. Miller, a chairperson with the Office of Inmate Issues for the Illinois Department of Corrections.  In her affidavit, Jackie Miller explains what grievance procedures are available to inmates in accordance with Department Rule 504F: Grievance Procedures for Committed Persons (Doc. 32-2 at 23).  As explained in the affidavit, an inmate must first attempt to resolve a grievance informally through his counselor, and if it remains unresolved, then submit a written grievance on a grievance form to the facility Grievance Officer (Doc. 32-2 at 23).  The Grievance officer investigates and reports any findings to the Chief Administrative

...

Officer, who then renders a decision, which is reported to the inmate (Doc. 32-2 at 23). If the inmate feels the issue is still unresolved after receiving this response, the inmate may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and Chief Administrative Officer's decision (Doc. 32-2 at 23). The Administrative Review Board, as the Director's designee, reviews the appeal, decides whether to hold a hearing, and ultimately issues a written report and recommendation to the Director or Director's designee, who makes a final determination on the grievance, of which a copy is sent to the inmate (Doc. 32-2 at 23). At this point there is no further administrative means for review (Doc. 32-2 at 23).

Jackie Miller states in her affidavit that at the request of the Attorney General's Office, she has searched the Administrative Review Board records regarding Inmate Eric Pirtle (Doc. 17-2 at 13). She further states, "A review of the ARB records indicate that Eric Pirtle, #B81133 did not file a grievance in accordance with departmental rule 504, regarding medical treatment or retaliation." (Doc. 17-2 at 15).

## CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999). A fact is material if it is outcome determinative under applicable law. Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith v. Severn, 29

F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. Plair v. E.J. Brach & Sons, Incorporated,105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994); Dempsey, 16 F.3d at 836. Finally, summary judgment "will not be defeated simply because motive or intent are involved." Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994). See also, Miller,168 F.3d at 312; Plair, 105 F.3d at 347; Hong v. Children's Memorial Hospital, 993 F.2d 1257, 1261 (7th Cir. 1993); Lac Du Flambeau Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir. 1993).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also, Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).

**Exhaustion of Administrative Remedies**

Defendants allege, pursuant to the Prison Litigation Reform Act ("PLRA"), that Plaintiff's action must be dismissed because Plaintiff did not fulfill the PLRA's exhaustion requirement. Plaintiff's status as a prisoner means that his claims are governed by the Prison Reform Litigation Act of 1996. Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004).

The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, exhausting available administrative remedies is a precondition of suit. Dale, 376 F.3d at 655; See also Perez v. Wis. Dept. of Corr., 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).

As a state prison inmate, the procedures that Plaintiff should have followed in order to exhaust his administrative remedies are contained in Title 20 of the Illinois Administrative Code at sections 504.800 through 504.870. The code first provides for informal resolution of the problem through a Counselor. ILL. ADMIN. CODE TIT. 20, §504.810(a) (2005). If the problem is not resolved, the inmate then may file a written grievance within sixty days of the occurrence, which is dealt with by a Grievance Officer on a weekly basis. Id. at §504.810(b). The Grievance Officer then either denies the grievance and returns the documents to the inmate or submits the grievance for investigation and reports findings to the Chief Administrative Officer. Id. at §504.830. The Chief Administrative Officer is generally to provide a response within two months of receipt of the grievance. Id. at 504.830(d). If the issue is not resolved to the inmate's satisfaction, it may then be

appealed to the Director within thirty days of receiving a response from the Chief Administrative Officer. Id. at 504.850.

Defendants support their contention that Plaintiff failed to exhaust his administrative remedies by attaching an affidavit by a Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections, Jackie Miller.  Ms. Miller states that she searched the department records, and that these records reflect that Plaintiff did not file a grievance in accordance with departmental rule 504 regarding medical treatment or retaliation (Doc. 17-2 at 15).  In other words, the affidavit supports that claim that Plaintiff failed to appeal to the Director within thirty days after a response was received from the grievance officer or warden's decision, as required by. ILL. ADMIN. CODE TIT. 20, §504.850.

The Court accepts this fact as true, as Plaintiff has failed to respond to the motion and offer any evidence to the contrary, which the Court considers to be an admission of the merits of Defendant's claim that Plaintiff failed to exhaust his administrative remedies.

The Seventh Circuit requires strict compliance with the PLRA's exhaustion requirements. "A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir.2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.")).

Because the undisputed facts show that Plaintiff failed to timely file a grievance with the Administrative Review Board, and Plaintiff has shown no cause for this failure, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.  In light of this decision, the Court need not address Defendant's third argument in support of its motion.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment (Doc. 16) be **GRANTED**, that this case be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 9, 2007**

                                                        s/ *Donald G. Wilkerson*
                                                        **DONALD G. WILKERSON**
                                                        **United States Magistrate Judge**