IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC PIRTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-178-GPM |
| | ) |
| FAISAL AHMED, M.D., JERRY GOFORTH, and TYONE MURRAY, | ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 27), recommending that the motion for summary judgment filed by Defendants Goforth and Murray (Doc. 16) be granted and Plaintiff's claims under 42 U.S.C. § 1983 regarding medical treatment and retaliation be dismissed for failure to exhaust administrative remedies.[1] The Report and Recommendation was entered on August 9, 2007, and no timely objections have been filed.

The motion for summary judgment was filed by Defendants Goforth and Murray before Defendant Ahmed was served with process. Defendant Ahmed asserts failure to exhaust administrative remedies as an affirmative defense (*see* Doc. 24). Moreover, the affidavit attached in support of summary judgment addresses the medical treatment claim alleged against Defendant Ahmed as well as the retaliation claim alleged against Defendants Goforth and Murray. Therefore, the Court construes the motion for summary judgment as applicable to all claims against all

---

[1] The Court takes judicial notice of Defendants' names and corrects them accordingly.

remaining Defendants.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 27),[2] and Defendants' motion for summary judgment (Doc. 16) is **GRANTED**. Plaintiff's medical treatment claim against Defendant Ahmed and his retaliation claim against Defendant Goforth and Murray are **DISMISSED without prejudice** for failure to exhaust administrative remedies. As no other claims are pending, the Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: 09/10/07

                                                    s/ G. Patrick Murphy
                                                    G. Patrick Murphy
                                                    Chief United States District Judge

---

[2] While a *de novo* review is not required, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson regarding whether Plaintiff exhausted his administrative remedies with respect to his medical treatment and retaliation claims.